526 P.2d 1238

**STATE of Arizona, Appellee,**

v.

**William Edmond CARROLL, Appellant.**

**No. 2922.**

Supreme Court of Arizona,
En Banc.

Oct. 10, 1974.

Rehearing Denied Nov. 13, 1974.

transportation of marijuana. The facts and issues are as follows:

On April 27, 1973, a Tucson narcotics officer received a call from an informant indicating that two suitcases at the Continental Bus Depot had a suspicious smell. The officer investigated and detected the odor of marijuana. He then took the two bags into his possession fearing that otherwise they would be shipped to the indicated destination of Flagstaff. A search warrant was sought and issued by a justice court. Although the warrant stated that the property was at the bus depot, the suitcases were at the time at the police station. Citing ARS § 13–1443, the defendant states as his first issue on appeal that this error made the warrant fatally defective and maintains that his motion to suppress evidence derived from this search was improperly denied.

Pursuant to the warrant, the officer opened the bags and found marijuana. Removing some as evidence, he returned the cases to the depot to be sent to Flagstaff. He also notified the Flagstaff police that a person of defendant's general description with baggage claim checks matching those of the suitcases would be arriving on a particular bus. The Flagstaff police met the bus, asked the defendant for his claim checks and, after finding that the numbers on the claim checks matched the numbers on the suitcase tags, arrested the defendant. Defendant assigns as the second error that this procedure was contrary to the dictates of the Fourth Amendment to the United States Constitution. Lastly, defendant raises a third issue that Coconino County was without jurisdiction to try the case.

N. Warner Lee, Atty. Gen., by Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

J. R. Babbitt and F. M. Aspey, Flagstaff, for appellant.

HAYS, Chief Justice.

The defendant was charged and convicted of a violation of ARS § 36-1002.07,

■ Dealing with the jurisdictional argument first, we hold that Coconino County had jurisdiction in this matter. The defendant argues that because the police were aware of defendant's possession of marijuana in Pima County, the charge of transportation is without basis, the Tucson police having practical custody of the contraband. This argument is without merit.

**218**

In allowing the transportation to take place, the government did not initiate the crime but only monitored it until such time as the participants could be absolutely identified. Chapman v. United States, 443 F.2d 919 (10th Cir. 1971). Without the intervention of the police, the offense would have been committed but the crime gone undetected. Chapman v. United States, *supra*. The court in People v. Rogers, 5 Cal.3d 129, 95 Cal.Rptr. 601, 486 P.2d 129 (1971), said in discussing a statute like that of Arizona that the essential element of the crime of transportation is the knowledge of the defendant of the presence of a narcotic.

"Possession may be either actual or constructive; the latter is established by showing that defendant maintained some control or right to control over contraband in the physical possession of another." 95 Cal.Rptr. at 603, 486 P.2d at 131.

Exclusive, immediate and personal possession is not necessary to establish constructive possession; possession of a baggage claim check is sufficient. State v. Trowbridge, 157 Mont. 527, 487 P.2d 530 (1971). The crime being complete in Coconino County, that court properly had jurisdiction.

With regard to the search and seizure of the luggage in Tucson, a common carrier has the right to protect itself and not be an unwitting carrier of contraband. State v. Fassler, 108 Ariz. 586, 503 P.2d 807 (1972). Because common carriers may search parcels entrusted to them when they have reason to believe that they contain contraband, the carrier may call upon the police to search and seize such. State v. Fassler, *supra*. When the police have probable cause to believe that something consigned to a common carrier contains contraband, they must be entitled to search it without a warrant or to seize and hold it until they get a warrant. People v. McKinnon, 7 Cal.3d 899, 103 Cal.Rptr. 897, 500 P.2d 1097 (1972). The Tucson police

officer in this case followed the appropriate procedure. Although a fuller description of the situation would have been preferred, the search warrant was not fatally defective; it gave the proper description of the property and the place from which the property was taken. This is adequate when the circumstances of the case are that the property was taken from the premises in temporary police custody for its preservation until a search warrant could be obtained.

"[T]he Fourth Amendment's commands, like all constitutional requirements, are practical and not abstract. If the teachings of the Court's cases are to be followed and the constitutional policy served, affidavits for search warrants . . . must be tested and interpreted by magistrates and courts in a common-sense and realistic fashion. They are normally drafted by non-lawyers in the midst and haste of a criminal investigation.

\*   \*   \*   \*   \*   \*

"[W]hen a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner." United States v. Ventresca, 380 U.S. 102, 108, 109, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).

Defendant further raises the question of the failure of the justice of the peace who issued the search warrant to retain the evidence seized in accord with the statutory procedures of ARS § 13–1450. In this case, as in State v. deAnda, 9 Ariz.App. 134, 449 P.2d 971 (1969), the police were the agents of the justice of the peace for this purpose. In allowing the police to monitor the transportation of the contraband, the justice of the peace never lost control of the property and his actions were logical as well as necessary. State v. deAnda, *supra*.

Lastly, defendant presents the issue of the propriety of the search of the

defendant for the claim checks prior to a formal arrest. The defendant, upon police request, relinquished the baggage tags. Prior to the search, the defendant had not been conclusively identified. The test of constitutionality is whether the search was reasonable under the circumstances of the case. The Fourth Amendment only prohibits unreasonable searches and seizures. United States v. Rabinowitz, 339 U.S. 56, 70 S.Ct. 430, 94 L.Ed. 653 (1950); State v. Hutton, 108 Ariz. 504, 502 P.2d 1323 (1972). While an exception to the demand for a search warrant is a search made incident to a lawful arrest, this is not the sole exception. In terms of the amount of evidence required, the degree of probable cause for a search is substantially the same as the degree necessary to make the arrest. State v. Murphy, 2 Or.App. 251, 465 P.2d 900 (1970). Therefore, if an officer has sufficient information from which he could make an arrest as an incident to that arrest he could make a lawful search, it is not unreasonable if the officer makes the search before instead of after the arrest. People v. Simon, 45 Cal.2d 645, 290 P.2d 531 (1955). There is no constitutional right to be arrested. Hoffa v. United States, 385 U.S. 293, 87 S.Ct. 408, 17 L. Ed.2d 374 (1966). If the individual searched is innocent, contrary to the reasonable belief of the officer, then that person gains by not being arrested. People v. Simon, *supra*. The important factors are whether the officer had probable cause before the search to make an arrest and whether the search was more extensive than would be justified as incident to an arrest. People v. Simon, *supra*. There was nothing unreasonable in the procedures followed by the Flagstaff police.

The judgment of conviction and sentence are affirmed.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.