927 P.2d 366

**In the Matter of the Appeal in PIMA COUNTY JUVENILE DELINQUEN-CY ACTION NO. 12744101.**

**No. 2 CA–JV 96–0031.**

Court of Appeals of Arizona, Division 2, Department B.

Oct. 31, 1996.

Stephen D. Neely, Pima County Attorney by Thomas Weaver, Jr., Tucson, for State.

Susan A. Kettlewell, Pima County Public Defender by Christie C. Sharp, Tucson, for Minor.

## OPINION

ESPINOSA, Presiding Judge.

The minor appeals from the juvenile court's order adjudicating him delinquent for possession of marijuana in a drug-free school zone, arguing that possession of marijuana is not a lesser-included offense of unlawful sale of marijuana, the offense with which he was originally charged. We disagree and affirm.

According to the state's brief and undisputed by the minor, the facts produced at trial were as follows. School officials were told that the minor was selling drugs at school. The minor was taken to the principal's office from his physical education class. On the way, he and a security officer stopped at the minor's locker so he could change clothes. Somehow, it was learned that the minor had put on someone else's clothes. When his clothes were obtained and searched, a baggie of marijuana was found. The minor was given Miranda[1] warnings, and he admitted that the marijuana was his and that he had sold $15 worth of marijuana.

The minor was charged with unlawful sale of marijuana in a drug-free school zone and with unlawful possession of a dangerous drug in a drug-free school zone. The court later dismissed the second charge at the state's request. The minor moved to dismiss the first charge on the ground that the state had not established the *corpus delicti* of sale of marijuana independently of the minor's admissions. After briefing on the issue, the court found insufficient evidence that the crime of sale of marijuana had occurred, and then adjudicated the minor delinquent, finding he had committed the lesser-included

---

1. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

offense of possession of marijuana in a drug-free school zone.

Noting there are no cases on point, the minor contends that possession of marijuana cannot be a lesser-included offense of sale of marijuana because a person can sell marijuana without actually possessing it. The elements of the offense of sale of marijuana are set forth in A.R.S. § 13–3405(A), which provides:

A person shall not knowingly:

. . .

(4) Transport for sale, import into this state or offer to transport for sale or import into this state, sell, transfer or offer to sell or transfer marijuana.

"Sale" is defined in A.R.S. § 13–3401(26), and requires proof that a defendant exchanged marijuana for something of value from another person.

■ "[T]o constitute a lesser included offense, it must be impossible to have committed the greater offense without necessarily having committed the lesser offense." *State v. Scott*, 177 Ariz. 131, 139, 865 P.2d 792, 800 (1993), *cert. denied*, 513 U.S. 842, 115 S.Ct. 129, 130 L.Ed.2d 73 (1994). The minor contends that there are situations in which a person could sell marijuana without possessing it, thus precluding possession of marijuana from being a lesser-included offense of sale of marijuana. For example, he argues, a person could accept money for the sale and direct the buyer to another location to obtain the marijuana purchased or tell the buyer that the marijuana had not yet been grown or processed.

Although the minor is correct that the seller would not have actual possession of the marijuana in those instances, he ignores the reality that the seller would have to constructively possess it at some time to complete the sale. Pursuant to A.R.S. § 13–105(30), "possess" means "knowingly to have physical possession or otherwise to exercise dominion or control over property." Thus, a seller who directed a buyer to another location to obtain marijuana would constructively possess the marijuana if the seller exercised dominion or control either over the location or over the storage of the marijuana at the location. *See State v. Villalobos Alvarez*, 155 Ariz. 244, 745 P.2d 991 (App.1987). That could also be true of marijuana not yet grown or processed. At some point, the seller would constructively possess the marijuana in order to complete the sale.

■ Even if the seller directed the buyer to another person who held the marijuana and transferred it to the buyer, the seller would still be criminally liable as an accomplice of the person who actually possessed the marijuana. A.R.S. § 13–303. We agree with the trial court, therefore, that, because it is not possible to complete a sale of marijuana without possessing it, possession of marijuana is a lesser-included offense of sale of marijuana.

The order of the juvenile court adjudicating the minor delinquent is affirmed.

DRUKE, C.J., and HATHAWAY, J., concur.