965 P.2d 94

**STATE of Arizona, Appellee,**

v.

**Ruben CHABOLLA–HINOJOSA, Appellant.**

**No. 1 CA–CR 98–0125.**

Court of Appeals of Arizona, Division 1.

Sept. 3, 1998.

---

Grant Woods, Arizona Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, Jacquelyn B. Eskay, Assistant Attorney General Attorneys, Phoenix, for Appellee.

George A. Rouff, Yuma, for Appellant.

## OPINION

NOYES, Judge.

¶1 Ruben Chabolla–Hinojosa ("Appellant") and another man delivered a car that was loaded with marijuana. For this conduct, Appellant was convicted of transporting marijuana for sale, importing marijuana, and possessing marijuana for sale. In answer to an issue that arose during fundamental error review, we conclude that, when the possession for sale charge is incidental to the transportation for sale charge, the former is a lesser-included offense and the defendant cannot be convicted of both offenses. Accordingly, we affirm, as modified by vacating the conviction and sentence on the possession for sale charge.

### I.

¶2 On July 31, 1997, a Yuma County Grand Jury indicted Appellant on a conspiracy count and the following three substantive counts: (1) importation of marijuana, having a weight of two pounds or more, a class 2 felony in violation of Arizona Revised Statutes Annotated ("A.R.S.") section 13–3405(A)(4) (Supp.1997); (2) transportation of marijuana for sale, having a weight of two pounds or more, a class 2 felony in violation of A.R.S. section 13–3405(A)(4); and (3) possession of marijuana for sale, having a weight of more than four pounds, a class 2 felony in violation of A.R.S. section 13–3405(A)(2). The State later dismissed the conspiracy count, the court later severed Appellant's trial from those of the other defendants, and Appellant had a jury trial in December 1997.

¶3 The facts are not much in dispute. A nervous young man driving a white Thunderbird entered the United States at the San Luis Port of Entry. After a narcotics-detecting dog alerted on a compartment behind the back seat, inspectors tried to open it and could not. They then decided to do a "controlled delivery," meaning that the young man was allowed to drive off in the vehicle,

but the vehicle was under law enforcement surveillance.

¶4 The young man drove the Thunderbird to a nearby fast food business, parked the vehicle, and walked back to Mexico. A while later, "Ivan" walked up and got into the vehicle, drove it to another fast food business, parked it there, and walked away. Ivan later returned in another vehicle, accompanied by Appellant. Ivan helped Appellant get into his wheelchair, and from his wheelchair into the Thunderbird, and they then drove off in the Thunderbird, with Ivan driving. After Ivan and Appellant delivered the Thunderbird to a mobile home in San Luis, officers saw two other men carry a large trash bag from the Thunderbird to the mobile home. Officers then obtained a search warrant and found about 400 pounds of marijuana inside the mobile home.

¶5 The officer who took Appellant to the police station testified that he read *Miranda* rights to Appellant in Spanish, that Appellant indicated he understood his rights and agreed to talk, and that he then gave several stories. In the final version, Appellant said that "Jesse" asked him to deliver the car and that Appellant knew there was marijuana in it but did not know how much. He said that Ivan agreed to go with him, and that Ivan knew what was in the car, too. Although Appellant said that Jesse never said how much he was going to pay, Appellant told the officer that he was going to give Ivan some of the money he would get from Jesse.

¶6 Appellant testified that, the day before his arrest, he and Ivan were at Jesse's place in Mexico when another man invited them to a barbecue the next day in San Luis. Jesse then said that, if Appellant was going to the barbecue, he could deliver a car and Jesse would pay him some money. The next day, Jesse gave Appellant and Ivan a key to the car and instructions on where to find it and where to deliver it. Appellant said that he did not know what was in the car until others unloaded the marijuana. Appellant said that he told the officer that he suspected the car might contain marijuana, but he did not know this until he saw the marijuana being unloaded.

¶7 The jury found Appellant guilty as charged. The trial court sentenced him to the presumptive terms of five years on each count, to be served concurrently, with credit for 186 days of pre-sentence incarceration. The court also imposed an attorney assessment of $375, a fine of $240,000, and a payment fee of $20.

## II.

¶8 Appellant's opening brief advised that counsel was unable to find any meritorious issue and requested that this court search the record for fundamental error. After doing so, we issued an order pursuant to *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), and asked for supplemental briefs on the lesser-included offense issue. The supplemental briefs each asserted that possession for sale is not a lesser-included offense of transportation for sale. We disagree, and we conclude that a conviction of possessing for sale the same marijuana one is convicted of transporting for sale violates the double jeopardy clause of the Fifth Amendment to the United States Constitution and article 2, section 10 of the Arizona Constitution.

¶9 Freedom from double jeopardy is "fundamental to the American scheme of justice" and "must be enforced whenever a violation is determined to exist." *State v. Millanes*, 180 Ariz. 418, 421, 885 P.2d 106, 109 (App.1994) (citing *Benton v. Maryland*, 395 U.S. 784, 796, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969)). Any waiver of the right not to be twice placed in jeopardy must be express. *See id.* at 420, 885 P.2d at 108 (citing *Quinton v. Superior Ct.*, 168 Ariz. 545, 549, 815 P.2d 914, 918 (App.1991)). Appellant did not expressly waive this right, and we therefore decide the issue.

¶10 Appellant was convicted of violating A.R.S. section 13–3405(A)(2) and (4), which provide, "A person shall not knowingly: ... (2) Possess marijuana for sale.... (4) Transport for sale ... marijuana." Whether the latter offense includes the former must be resolved because, when a person is convicted of an offense, the prohibition against double jeopardy protects against fur-

ther prosecution for that or any lesser-included offense. *See Fitzgerald v. Superior Ct.*, 173 Ariz. 539, 544, 845 P.2d 465, 470 (App.1992) (citing *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932)).

¶ 11 A lesser-included offense is one "composed solely of some but not all of the elements of the greater crime so that it is impossible to have committed the crime charged without having committed the lesser one." *State v. Woods*, 168 Ariz. 543, 544, 815 P.2d 912, 913 (App.1991) (citation omitted). The charges here are possession of marijuana for sale having a weight of more than four pounds, and transportation of marijuana for sale having a weight of two pounds or more. Although the alleged weight is an essential element on which defendant has the right to be tried by a jury, *State v. Virgo*, 190 Ariz. 349, 352–53, 947 P.2d 923, 926 (App.1997), the alleged weight is not essential to defendant's guilt or innocence of either charge. The weight merely determines the classification and penalty range of the charges. *See* A.R.S. § 13–3405(B).[1] If the State alleges no weight, possession for sale is a class 4 felony and transportation for sale is a class 3 felony. *See id.* If the State alleges maximum weight as it did here, both charges are class 2 felonies. *See id.* But where a possession for sale charge is incidental to a transportation for sale charge, by definition, the charges are based on the same "weight," even though that element is phrased as it is in this case, "more than four pounds" in one charge and "two pounds or more" in the other.

¶ 12 A lesser-included offense can have the same or lesser penalty as the greater offense. *See State v. Patton*, 136 Ariz. 243, 245, 665 P.2d 587, 589 (App.1983). The test for whether an offense is "lesser-included" is whether it is, by its very nature, always a constituent part of the greater offense, or whether the charging document describes the lesser offense even though it does not always make up a constituent part of the greater offense. *See State v. Ennis*, 142 Ariz. 311, 314, 689 P.2d 570, 573 (App. 1984). Stated another way, "a court may inquire as to whether the greater offense, as described by a statute or as charged, can be committed without necessarily committing the lesser offense." *Id.* We hold that, when the charged possession for sale is incidental to the charged transportation for sale, it is a lesser-included offense, for a person cannot commit the transportation offense without necessarily committing the possession offense.

¶ 13 Arizona Revised Statutes Annotated section 13–105(30) (Supp.1997) provides, " 'Possess' means knowingly to have physical possession or otherwise to exercise dominion or control over property." Section 13–105(31) provides, " 'Possession' means a voluntary act if the defendant knowingly exercised dominion or control over property." One who exercises dominion or control over property has constructive possession of it even if it is not in his physical possession. *See State v. Villalobos Alvarez*, 155 Ariz. 244, 245, 745 P.2d 991, 992 (App.1987). Given the broad definition of "possess," when a possession for sale charge is incidental to a transportation for sale charge, the former is a lesser-included offense, for one cannot possibly be guilty of the transportation for sale charge without also being guilty of the possession for sale charge.

1. A.R.S. section 13–3405(B) provides:

    B. A person who violates:

    . . . .

    4. Subsection A, paragraph 2 of this section involving [possession for sale of] an amount of marijuana having a weight of less than two pounds is guilty of a class 4 felony.

    5. Subsection A, paragraph 2 of this section involving [possession for sale of] an amount of marijuana having a weight of at least two pounds but not more than four pounds is guilty of a class 3 felony.

    6. Subsection A, paragraph 2 of this section involving [possession for sale of] an amount of marijuana having a weight of more than four pounds is guilty of a class 2 felony.

    . . . .

    10. Subsection A, paragraph 4 of this section involving [transportation of] an amount of marijuana having a weight of less than two pounds is guilty of a class 3 felony.

    11. Subsection A, paragraph 4 of this section involving [transportation of] an amount of marijuana having a weight of two pounds or more is guilty of a class 2 felony.

¶ 14 We agree with the State that a person can be guilty of transportation for sale without having personal possession. For example, if defendant loaned his car to Joe, knowing that Joe was going to use it to transport marijuana for sale, then defendant is an accomplice to Joe's transportation for sale. But if that is true, defendant is necessarily an accomplice to Joe's possession for sale as well, as we explained in *Pima County Juvenile Delinquency Action No. 127441O1,* 187 Ariz. 100, 927 P.2d 366 (App.1996). There, defendant argued that a person could sell marijuana without possessing it, and he gave an example. *See id.* at 101, 927 P.2d at 367. The court noted that defendant's argument "ignores the reality that the seller would have to constructively possess it at some time to complete the sale," and that, "[e]ven if the seller directed the buyer to another person who held the marijuana and transferred it to the buyer, the seller would still be criminally liable as an accomplice of the person who actually possessed the marijuana. A.R.S. § 13–303." *Id.* The same logic applies in a transportation for sale case. If defendant has accomplice liability for another's transportation for sale, he necessarily has accomplice liability for that other's possession for sale.

¶ 15 In Arizona, it is settled that possession of marijuana is a lesser-included offense of both transportation of marijuana and possession of marijuana for sale because "neither one of these greater offenses can be committed without being in possession of marijuana." *State v. Moroyoqui,* 125 Ariz. 562, 564, 611 P.2d 566, 568 (App.1980); *see also Juvenile Action No. 12744101,* 187 Ariz. at 101, 927 P.2d at 367 (holding that "it is not possible to complete a sale of marijuana without also possessing it"). That rationale applies to drugs other than marijuana, too. *See State v. Goldson,* 178 Conn. 422, 423 A.2d 114, 117 (Conn.1979) (finding possession of heroin a lesser-included offense of transportation of heroin because "we cannot imagine,

nor does the state suggest, how this defendant could be said to have been charged with transportation of heroin that he did not possess").

¶ 16 It is also settled in Arizona that possession of marijuana for sale is *not* a lesser-included offense of transportation of marijuana, for the latter has no "for sale" element and the former has no "transportation" element. *See State v. McInelly,* 146 Ariz. 161, 163–64, 704 P.2d 291, 293–94 (App. 1985). The supplemental brief by Appellant's counsel expresses the belief that the lesser-included issue is settled by *McInelly.* We do agree with *McInelly,* but we distinguish that case because each statute in *McInelly* had a unique element; only the possession charge had a "for sale" element, and only the transportation charge had a "transportation" element. The legislature then added "for sale" to the transportation section of section 13–3405(A)(4).[2] In this case, therefore, both the possession and the transportation charges have a "for sale" element, and the only essential element they do not share is the "transportation" element. (Appellant was also convicted of importation. Because an importation charge has no "for sale" element and a possession for sale charge has no "importation" element, *McInelly* does explain why possession for sale is not a lesser-included offense of importation.)

¶ 17 Some jurisdictions have held that transportation and possession are separate and distinct offenses. *See State v. Villa-Perez,* 835 S.W.2d 897, 904 (Mo.1992) (rejecting argument that possession is lesser-included offense of transportation); *State v. Perry,* 316 N.C. 87, 340 S.E.2d 450, 461 (N.C.1986) (holding that possessing, manufacturing, and transporting heroin are separate and distinct offenses); *People v. Rogers,* 5 Cal.3d 129, 95 Cal.Rptr. 601, 486 P.2d 129, 131–32 (Cal. 1971) (holding that possession is not an essential element of transportation). We will briefly discuss these cases, for they do not

---

**2.** The crime of transportation of marijuana no longer exists in Arizona. Former A.R.S. section 13–3405, added by 1981 Ariz. Sess. Laws, Ch. 264, § 8, which made it unlawful to transport marijuana, was repealed by 1987 Ariz. Sess. Laws, Ch. 307, § 17. The new section 13–3405

that was added by 1987 Ariz. Sess. Laws, Ch. 307, § 18 changed the crime from "transporting" to "transporting for sale." A similar history exists for the narcotic drug statute. *See* A.R.S. § 13–3408 (historical note 1989).

persuade us to reject Arizona's *Moroyoqui* line of cases.

¶ 18  In *Villa–Perez*, defendant was stopped while driving a truck with a locked back door; he claimed he could not open the lock; and the officer broke the lock, opened the door, and found a load of marijuana. 835 S.W.2d at 899.  In rejecting the argument that possession was a lesser-included offense of transportation, the Missouri court reasoned, "[I]t is entirely possible defendant could have been found guilty of transportation and not of possession as the trial court could have believed defendant did not have access to the cargo compartment but knew full well its contents." *Id.* at 904.  We do not follow this reasoning, for a person can exercise dominion and control over property without having "access" to it.  That defendant has no "access" is relevant, maybe, but it is no more a defense to a possession charge than it is to a transportation charge.  For example, in *State v. Carroll*, 111 Ariz. 216, 526 P.2d 1238 (1974), the court upheld a transportation conviction where the only evidence of possession was a claim check stub held by the defendant that matched the claim ticket on the suitcase containing marijuana. *Id.* at 218, 526 P.2d at 1240.  The court stated, "Exclusive, immediate and personal possession is not necessary to establish constructive possession." *Id.* The only conviction at issue in *Carroll* was transportation. *Id.* at 217–18, 526 P.2d at 1239–40.  By engaging in a possession analysis, the court implicitly recognized that possession is a necessary element of transportation. *See id.*

¶ 19  In *Perry*, the court relied on legislative intent, 340 S.E.2d at 460, and we do not, because the lesser-included offense analysis focuses on the elements of the offenses.

¶ 20  In *Rogers*, defendant was charged with transportation of marijuana and possession of marijuana based on the fact that he drove a car while his passengers smoked marijuana.  95 Cal.Rptr. 601, 486 P.2d at 131.  He was convicted of the transportation charge and acquitted of the possession charge. *See id.*  In deciding that acquittal on the possession charge did not preclude conviction on the transportation charge, the court held that while "possession is common-ly a circumstance tending to prove transportation; it is not an essential element of that offense and one may 'transport' marijuana or other drugs even though they are in the exclusive possession of another." *Id.*  We do not agree that one can knowingly transport an item without knowingly exercising some form of dominion and control over the item. (The split verdict in *Rogers* may be explained by the error that caused the supreme court to reverse and remand for new trial on the transportation charge: The trial court's jury instructions had erroneously implied that the possession charge had a "knowledge" element but the transportation charge did not. *Id.* 95 Cal.Rptr. 601, 486 P.2d at 130–31.)

¶ 21  In this case, the possession for sale charge was incidental to the transportation for sale charge, it was therefore a lesser-included offense, and the conviction on the lesser offense should therefore be vacated. *See State v. Jones*, 185 Ariz. 403, 407, 916 P.2d 1119, 1123 (App.1995) (stating that when two convictions are improperly based on one act, the "lesser" conviction is the one to vacate); *see also State v. Duplain*, 102 Ariz. 100, 101–02, 425 P.2d 570, 571–72 (1967) (holding that, where marijuana was possessed for only one sale, the possession conviction must be vacated because "there is only one transaction involved and only one offense committed").

### III.

¶ 22  The convictions and sentences are affirmed, as modified by vacating the conviction and sentence on the possession for sale charge.

KLEINSCHMIDT and TOCI, JJ., concur.