NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

ANTONIO CURIEL-RODRIGUEZ, *Appellant*.

No. 1 CA-CR 16-0049
FILED 12-15-2016

---

Appeal from the Superior Court in Apache County
No. S0100CR201300256
The Honorable Michael P. Roca, Judge *Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART**

---

COUNSEL

Hamblin Law Office, PLC, Eager
By Bryce Hamblin
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

---

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Chief Judge Michael J. Brown joined.

---

**W I N T H R O P**, Judge:

¶1         Antonio Curiel-Rodriguez ("Appellant") appeals his convictions and sentences for transportation of a dangerous drug for sale, possession of a dangerous drug, and possession of a dangerous drug for sale.  Appellant argues the trial court erred in denying his motion to suppress evidence.  For the following reasons, we affirm the conviction and sentence for transportation of a dangerous drug for sale, but vacate the convictions and sentences for the other two offenses.

## FACTS AND PROCEDURAL HISTORY

¶2         On November 14, 2013, Deputy Sheriff Clark was on duty monitoring traffic on Interstate 40.  Just before 2:00 a.m., Deputy Clark noticed a white Volkswagen weaving on the highway.  Deputy Clark initiated a traffic stop and approached the vehicle to speak with the occupants.  Appellant, who was sitting in the front passenger seat, avoided eye contact with Deputy Clark and appeared nervous, his hands "shaking and trembling."

¶3         Deputy Clark received information through his dispatch that Appellant had two outstanding felony warrants and the driver of the vehicle had a suspended license.  At some point during the encounter, Deputy Clark arrested Appellant and asked the driver for consent to search the vehicle.[1]  The driver consented.

¶4         During the search, the driver was sitting in another officer's patrol car and Appellant was standing in front of Deputy Clark's patrol car.  In searching the subject vehicle, Deputy Clark found a glass pipe wrapped in white tissue inside a woman's purse in the back seat.  The pipe had residue in the bubble.  Deputy Clark also observed obvious tool marks on

---

[1]     It is unclear from the record whether Appellant was already under arrest when the driver consented to the search.

the plastic surrounding the gear shifter and, after prying up the plastic, saw dust disturbance, fingerprints, and other non-factory modifications. He also saw a "trap door" with a trunk latch in a hidden compartment.

¶5 Deputy Clark then went back to the patrol car to speak with the driver of the vehicle. When the driver got out of the patrol car to speak with Deputy Clark, she left a brown paper bag containing another glass pipe inside the patrol car.

¶6 Deputy Clark then arrested the driver, and a detective transported the driver and Appellant to the county jail and continued searching the vehicle. The detective found another hidden compartment on the left side of the vehicle. Inside the compartment, he discovered seven packages containing a white crystal substance, which a field test revealed to be methamphetamine.

¶7 Appellant was charged with transportation of a dangerous drug for sale, a class two felony ("Count 1"); possession of a dangerous drug, a class four felony ("Count 2"); and possession of a dangerous drug for sale, a class two felony ("Count 3"). Before trial, Appellant moved to suppress the evidence obtained from the stop and search of the vehicle, arguing that both the stop and search were unlawful under the Fourth Amendment of the U.S. Constitution, and Article 2, §§ 4 and 8 of the Arizona Constitution. Appellant argued that the stop was unjustified because no traffic violations were committed, and that the search of the vehicle exceeded the scope of the driver's consent. After an evidentiary hearing, the trial court denied both motions.

¶8 Following trial, the jury returned a guilty verdict on all three counts. The court then sentenced Appellant to the presumptive term of 10 years' incarceration for Counts 1 and 3, and 2.5 years' incarceration for Count 2, with the sentences to run concurrently.

**ANALYSIS**

¶9 We review the trial court's ruling on a motion to suppress for abuse of discretion. *State v. Mitchell*, 234 Ariz. 410, 413, ¶ 11, 323 P.3d 69, 72 (App. 2014). In this review, we "consider only the evidence presented at the suppression hearing and view that evidence in the light most favorable to sustaining the trial court's ruling." *Id.* "Although we defer to the trial court's factual determinations, we review its legal conclusions *de novo*." *Id.*

    *I.*     *The Request for Consent to Search the Vehicle Did Not Unlawfully Prolong the Seizure*

**¶10**     Appellant argues that Deputy Clark's request for consent to search the vehicle was unlawful because Deputy Clark had no reasonable suspicion of criminal activity at the time the consent was requested, and therefore the request unlawfully prolonged the seizure.

**¶11**     Because Appellant did not raise this argument below, we review for fundamental error only. *See State v. Newell*, 212 Ariz. 389, 398, ¶ 34, 132 P.3d 833, 842 (2006) (stating that, although failure to assert an argument in the trial court normally precludes appellate review of the claim, this court may review a suppression argument that is raised for the first time on appeal for fundamental error). On fundamental error review, Appellant must establish that a fundamental error exists and that he was prejudiced by the error. *See State v. Henderson*, 210 Ariz. 561, 567, ¶ 20, 115 P.3d 601, 607 (2005).

**¶12**     We find no fundamental error. First, Appellant's reliance on *Rodriguez v. United States*, 135 S. Ct. 1609 (2015) to support his argument that Deputy Clark unlawfully prolonged the seizure is misplaced. Although *Rodriguez* holds that an investigatory stop may not "exceed[] the time needed to handle the matter for which the stop was made," *Id.* at 1612, there, the officer's testimony clearly indicated that the traffic stop was complete at the time the officer asked for permission to conduct a dog sniff of Rodriguez's vehicle. *See id.* at 1613. The officer had returned the documents he had obtained from the individuals he pulled over, had given them a copy of the written warning, and "got all the reason[s] for the stop out of the way." *Id.* Here, in contrast, the record does not demonstrate that Deputy Clark had completed the traffic stop prior to requesting consent to search the car. Rather, Deputy Clark testified that he "started writing [the driver] a warning and while [he] was writing the warning [he] ran the warrants and driver's license check with the dispatcher." The check revealed the driver had a suspended license and Appellant had two outstanding felony arrest warrants, which reasonably prompted further investigation. Deputy Clark then spoke to the driver again, requesting (and obtaining) consent to search the vehicle. Simply stated, *Rodriguez*, where the investigatory stop was complete at the time the officer conducted the dog sniff, is inapposite.

**¶13**     Further, even assuming, *arguendo*, the traffic stop was complete after Deputy Clark ran the check with the dispatcher, at that point Deputy Clark already had probable cause to arrest both Appellant and the

driver. *See* A.R.S. §§ 13-3887 and 28-3473(A). Thus, the evidence Appellant seeks to suppress would have been inevitably discovered during the ensuing inventory search of the car.[2] *See State v. Rojers*, 216 Ariz. 555, 559, ¶ 18, 169 P.3d 651, 655 (App. 2007) ("The inevitable discovery doctrine . . . provides that illegally obtained evidence is admissible [i]f the prosecution can establish by a preponderance of the evidence that the illegally seized items or information would have inevitably been seized by lawful means.") (citation and internal quotations omitted). Accordingly, even assuming error, it was neither fundamental nor prejudicial.

> ## II. The Scope of the Search Was Lawful

**¶14** "Determining the validity of a law enforcement officer's search based on consent generally involves two factors: (1) whether the consent was voluntarily given and (2) whether the search was within the scope of the consent." *State v. Becerra*, 239 Ariz. 90, 92, ¶ 8, 366 P.3d 567, 569 (App. 2016). Here, Appellant does not argue that the driver's consent was not voluntarily given. Nor does Appellant argue on appeal that Deputy Clark's more extensive search of the vehicle after his discovery of the pipe exceeded the scope of the driver's consent. Rather, Appellant contends that the scope of Deputy Clark's search was unconstitutional because the search was unconstitutional at the outset. However, as discussed in Part I, *supra*, Deputy Clark's request to search the vehicle was not unlawful and the subsequent search was authorized based on the driver's consent. And even assuming the overall search went beyond the driver's initial consent (as Appellant argued in the trial court), Deputy Clark's discovery of the pipe in the car, coupled with tool marks on the plastic surrounding the gear shifter, established probable cause to search other areas of the car. *See State v. Swanson*, 172 Ariz. 479, 585, 838 P.2d 1340, 1346 (App. 1992) (probable cause gives an officer authority to search even areas outside the scope of the suspect's consent).

---

[2] Although Appellant states that "Deputy Clark had apparently initially determined to let the couple go," but "changed his mind," the record does not support this assertion. Deputy Clark stated that, after learning of the driver's suspended license, he had not yet decided whether he would let *the driver* go. There is no testimony in the record to indicate Deputy Clark had any plans to let *Appellant* go notwithstanding his two felony arrest warrants.

**¶15** Accordingly, the trial court did not abuse its discretion in denying Appellant's motion to suppress the evidence against him.

### III. *Counts 2 and 3 are Lesser-Included Offenses of Count 1*

**¶16** The State requests that we vacate Appellant's convictions and sentences for possession of a dangerous drug (Count 2) and possession of a dangerous drug for sale (Count 3), acknowledging that both are lesser-included offenses of transportation of a dangerous drug for sale (Count 1). *See State v. Cheramie*, 218 Ariz. 447, 451, ¶ 22, 189 P.3d 374, 378 (2008) (holding that possession of a dangerous drug is a lesser-included offense of transportation for sale of a dangerous drug); *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 363, ¶ 13, 965 P.2d 94, 97 (App. 1998) (stating that "when a possession for sale charge is incidental to a transportation for sale charge, the former is a lesser-included offense"). Accordingly, we vacate Appellant's sentences and convictions for Counts 2 and 3. *See Chabolla-Hinojosa*, 192 Ariz. at 365, ¶ 21, 965 P.2d at 99 (vacating a lesser-included offense as a remedy for a double-jeopardy violation).

## CONCLUSION

**¶17** Appellant's conviction and sentence for transportation of a dangerous drug for sale is affirmed, and his convictions and sentences for possession of a dangerous drug and possession of a dangerous drug for sale are vacated.

