IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

TRENT XAVIER BOUHDIDA, SR., *Appellant*.

STATE OF ARIZONA, *Appellee*,

*v.*

JOSEPH LOCKETT, III, *Appellant*.

No. 1 CA-CR 23-0311, 1 CA-CR 23-0434
(Consolidated)

FILED 10-31-2024

Appeal from the Superior Court in Maricopa County
Nos.  CR2016-000961-001, CR2017-001517-001
The Honorable Monica S. Garfinkel, Judge *Pro Tempore*
The Honorable Joseph Shayne Kiefer, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith C. Klepper
*Counsel for Appellee*

Sandra Day O'Connor College of Law, Post Conviction Clinic, Phoenix
By Randal McDonald, Robert J. Dormady, Andi Humphreys,
Jawana Baxter and Jill Logan (Certified Limited Practice Students)
*Counsel for Appellant Trent Xavier Bouhdida, Sr.*

Maricopa County Legal Defender's Office, Phoenix
By John Champagne
*Counsel for Appellant Joseph Lockett, III*

---

**OPINION**

Judge D. Steven Williams delivered the Court's opinion, in which Presiding Judge Daniel J. Kiley and Judge Kent E. Cattani joined.

---

**W I L L I A M S**, Judge:

**¶1**         In 2020, Arizona voters adopted Proposition 207, the Smart and Safe Arizona Act ("the Act"), A.R.S. §§ 36-2850 to -2865, decriminalizing certain marijuana-related offenses and authorizing the expungement of related records. A.R.S. §§ 36-2852, -2862(A). In this consolidated appeal,[1] Trent Xavier Bouhdida, Sr. and Joseph Lockett, III, ("the Defendants"), each convicted of multiple counts of sale of marijuana, challenge the denial of their petitions to expunge all records relating to those convictions. Because a conviction for the sale of marijuana is not expungement eligible under the Act, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**         In 2016, the State charged Bouhdida with four counts of sale or transportation of marijuana. At trial, the State presented evidence that Bouhdida sold about a quarter ounce of marijuana to an undercover police officer four times, each a violation of A.R.S. § 13-3405(A)(4). A jury convicted Bouhdida as charged, with the signed verdict forms expressly identifying each offense as "Sale of Marijuana." Given his prior criminal history, Bouhdida was sentenced to concurrent terms of 11.25 years imprisonment on each count.

---

[1]         Because both appeals raise the same legal issue, we have consolidated the Maricopa County Superior Court cases: *State v. Bouhdida*, No. CR2016-000961-001, and *State v. Lockett*, No. CR2017-001517-001 DT.

¶3         In 2017, the State charged Lockett with four felonies, including three counts of sale or transportation of marijuana. At trial, the State presented evidence that Lockett sold less than an ounce of marijuana—"$20 worth"—to an undercover police officer three times, each a violation of A.R.S. § 13-3405(A)(4). At the close of evidence, the superior court instructed the jurors that each charge required proof that: (1) the defendant "knowingly *sold* marijuana" and (2) the "substance was in fact marijuana." (Emphasis added.) The court did not instruct the jurors on the elements of transportation of marijuana. The jury convicted Lockett on two of the three marijuana counts but could not reach a unanimous verdict on the third marijuana count. Given his prior criminal history, the court sentenced Lockett to concurrent terms of 12 years imprisonment for each conviction. In his appellate briefing, Lockett concedes that the jurors convicted him of sale (not transportation) of marijuana.

¶4         After the Act's effective date, Bouhdida and Lockett independently petitioned to expunge all records related to their marijuana convictions. In separate but consistent rulings, the superior court concluded that convictions for sale of marijuana do not qualify for expungement and denied both petitions.

¶5         The Defendants timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1), 13-4031, -4033(A)(3), and 36-2862(F).

**DISCUSSION**

¶6         The Defendants argue that convictions for the sale of marijuana, if involving quantities below the statutory threshold, are eligible for expungement under A.R.S. § 36-2862.

¶7         We review the denial of a petition to expunge for an abuse of discretion, but review questions of statutory interpretation *de novo*. *State v. Cisneros*, 255 Ariz. 564, 566, ¶ 8 (App. 2023). "When interpreting statutes adopted by initiative, our primary objective is 'to give effect to the intent of the electorate.'" *Id.* at ¶ 9 (quoting *State v. Gomez*, 212 Ariz. 55, 57, ¶ 11 (2006)). "The most reliable indicator of that intent is the language of the statute[.]" *Id.* (quoting *State v. Jones*, 246 Ariz. 452, 454, ¶ 5 (2019)). We do not interpret statutory provisions in a vacuum, but "in view of the entire text, considering the context and related statutes on the same subject." *Nicaise v. Sundaram*, 245 Ariz. 566, 568, ¶ 11 (2019). If the language of the statute "is clear and unambiguous, we apply its plain meaning and the

inquiry ends." *Cisneros*, 255 Ariz. at 566, ¶ 9 (quoting *Jones*, 246 Ariz. at 454, ¶ 5).

¶8 We begin with the language of the statute. Section 36-2862, governing the expungement of marijuana-related convictions, states, in pertinent part:

> A. . . . [A]n individual who was arrested for, charged with, adjudicated or convicted by trial or plea of, or sentenced for, *any of the following offenses* based on or arising out of conduct occurring before the effective date of this section may petition the court to have the record of that arrest, charge, adjudication, conviction or sentenced expunged:
>
> 1. Possessing, consuming or transporting two and one-half ounces or less of marijuana, of which not more than twelve and one-half grams was in the form of marijuana concentrate.
>
> 2. Possessing, transporting, cultivating or processing not more than six marijuana plants at the individual's primary residence for personal use.
>
> 3. Possessing, using or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana.

(Emphasis added.)

¶9 In plain and precise terms, A.R.S. § 36-2862 identifies the expungement eligible offenses: the possession, consumption, and transportation of two and one-half ounces or less of marijuana; the possession, transportation, cultivation, and processing of no more than six marijuana plants; and the possession, use, and transportation of marijuana paraphernalia. This list is not illustrative, but exhaustive. *See State v. Santillanes*, 256 Ariz. 480, 486, ¶ 21 (2024) ("[W]hen the legislature (or voters) expressly prescribes a list in a statute (or initiative), we assume the exclusion of items not listed.") (internal quotation and citation omitted). Simply put, "the electorate authorized the expungement of only certain marijuana offenses-those expressly specified in [A.R.S.] § 36-2862(A)(1) -(3)." *Id.* at 487, ¶ 29.

4

¶10            The Defendants acknowledge that the express terms of A.R.S. § 36-2862 do not provide for the expungement of records related to convictions for the sale of marijuana. They contend, however, that the statute *impliedly* "incorporates sales" by authorizing the expungement of transportation-based offenses.

¶11            As support for their argument, the Defendants primarily rely on *State v. Sorensen*, 255 Ariz. 316 (App. 2023). In that case, Sorensen pled guilty to one count of solicitation to commit possession of marijuana for sale (involving about two-thirds of an ounce of marijuana). *Id.* at 318, ¶ 2. After passage of the Act, the State petitioned to expunge all records related to Sorensen's arrest and conviction, which the superior court denied. *Id.* at ¶ 4. On appeal, Sorensen argued that A.R.S. § 36-2862's "plain language includes sale-related marijuana offenses." *Id.* at ¶ 6.

¶12            To determine whether the Act includes such offenses, this court ascribed the term "possess" its ordinary meaning, concluding that this "natural meaning . . . weigh[ed] against the notion [that] voters intended to impose an intent-based limitation in the application of [A.R.S.] § 36-2862(A)(1)." *Id.* at 319, ¶ 9. The court found this interpretation of "possess" consistent with the Act's full text, noting that "subsection (A)(2) expressly limits its applicability to 'the personal use' of marijuana" whereas "subsections (A)(1) and (A)(3) omit that restrictive language," reflecting an intent to impose "a personal-use constraint only where . . . specifically designated." *Id.* at ¶ 10. Applying the *in pari materia* principle of statutory construction, the court further reasoned that an examination of the related criminal statutes yielded "the same result." *Id.* at ¶ 11. The court found that, A.R.S. § 13-3405(A)(4) criminalizes the transportation of marijuana and necessarily "require[s] proof of a for-sale element" because "transporting marijuana for personal use is not a cognizable crime in Arizona." *Id.* at 320, ¶ 11 (citing *State v. Chabolla-Hinojosa*, 192 Ariz. 360, 364, ¶ 16 n.2 (App. 1998) (explaining "[t]he crime of transportation of marijuana no longer exists in Arizona")). Accordingly, the court concluded that A.R.S. § 36-2862's inclusion of transportation as an eligible expungement offense demonstrates the voters' intent to authorize the "expungement of sale-related marijuana offenses when they otherwise satisfy the statute's eligibility requirements." *Id.* at 320, ¶ 12.

¶13            Contrary to the Defendants' contention, *Sorensen* does not stand for the proposition that all offenses involving quantities of marijuana below the statutory threshold are eligible for expungement under A.R.S. § 36-2862. To be sure, *Sorensen* holds that the offenses *expressly enumerated* within the statute—specifically, possessing and transporting marijuana—

are not ineligible for expungement based on a defendant's *intent* to sell. But *Sorensen* did not expand the scope of expungement eligible offenses beyond those clearly listed in the statute, nor could it have done so.

**¶14**        Apart from their reliance on *Sorensen*, the Defendants contend that A.R.S. § 13-3405(A)(4)—criminalizing the transportation of marijuana for sale, the importation of marijuana into the State, and the sale, transfer or offer to sell or transfer marijuana—constitutes a unified offense proscribing a specific crime that can be committed in different ways. Working from this proposition, the Defendants argue that A.R.S. § 36-2862 "does not target the *means* of committing an offense, . . . only the *offense* itself." The Defendants reason that because A.R.S. § 36-2862 clearly authorizes the expungement of records pertaining to transportation-based offenses, the other means of violating A.R.S. § 13-3405(A)(4), including the actual sale of marijuana, are likewise expungement eligible.

**¶15**        The Defendants did not raise a unified offense argument in superior court. *State v. Lefevre*, 193 Ariz. 385, 389, ¶ 15 (App. 1998) (explaining the failure to raise a claim in the superior court generally "waives appellate review of that claim, even if the alleged error is of constitutional dimension"). But waiver aside, we need not decide whether A.R.S. § 13-3405(A)(4) constitutes a unified offense to determine whether the Defendants' convictions for sale of marijuana are expungement eligible under A.R.S. § 36-2862.

**¶16**        The Act clearly distinguishes between the transportation of marijuana and the sale of marijuana. Section 36-2852, legalizing the adult possession and use of marijuana, states, in pertinent part:

> A. . . . [T]he following acts by an individual who is at least twenty-one years of age are lawful . . . [:]
>
> 1. Possessing, consuming, purchasing, processing, manufacturing . . ., or *transporting one ounce or less of marijuana*[.]
>
> 2. Possessing, *transporting*, cultivating or processing *not more than six marijuana plants for personal use*[.]
>
> 3. Transferring one ounce or less of marijuana . . . to an individual who is at least twenty-one years of age if the transfer is without remuneration[.]

4. Transferring up to six marijuana plants to an individual . . . without remuneration[.]

5. Acquiring, possessing, manufacturing, using, purchasing, selling or transporting paraphernalia relating to the cultivation, manufacture, processing or consumption of marijuana or marijuana products.

(Emphasis added.) Section 36-2853 sets forth civil and criminal penalties for *possession and use* of marijuana not exempted under A.R.S. § 36-2852:

B. Notwithstanding any other law, a person who is under twenty-one years of age and who possesses, consumes, *transports or transfers without remuneration one ounce or less of marijuana . . .* [:]

1. For a first violation, shall pay a civil penalty of not more than $100 to the smart and safe Arizona fund established by § 36-2856 and in the court's discretion may be ordered to attend up to four hours of drug education or counseling.

2. For a second violation, is guilty of a petty offense, and in the court's discretion may be ordered to attend up to eight hours of drug education or counseling.

3. For a third or subsequent violation, is guilty of a class 1 misdemeanor.

(Emphasis added.) Viewed in context, these statutes make clear that unlike A.R.S. § 13-3405(A)(4), transportation of marijuana under the Act does not encompass a "for-sale element." *See Sorensen*, 255 Ariz. at 320, ¶ 11. Instead, A.R.S. §§ 36-2852 and -2853, in plain and unambiguous terms, expressly distinguish between the transportation of small amounts of marijuana, which the Act renders lawful, and the transfer of marijuana *of any quantity* for remuneration, which remains illegal.

¶17        In sum, A.R.S. § 36-2862 does not include the sale of marijuana among the enumerated offenses eligible for expungement. And *Sorensen* did not expand the scope of expungement-eligible offenses beyond those listed in the statute. As such, the superior court did not err by denying the Defendants' petitions to expunge.

## CONCLUSION

¶18        For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:   AGFV