472 P.2d 49

**The STATE of Arizona, Appellee,**

v.

**Vincente C. MENDOZA, Appellant.**

**No. 2078.**

Supreme Court of Arizona,
In Banc.
July 17, 1970.

———◆———

Gary K. Nelson, Atty. Gen., by Carl Waag, Asst. Atty. Gen., for appellee.

Richardson & Mortensen, by Wilford R. Richardson, Safford, for appellant.

McFARLAND, Justice:

Vincente C. Mendoza, hereinafter referred to as defendant, was charged and convicted of violation of the narcotics act as set forth in § 36–1002.02, A.R.S., with prior conviction, and sentenced to serve a term of not less than ten years nor more than eleven years in the Arizona State Prison. From his conviction and sentence he appeals. The information charged that the defendant did

"* * * furnish, administer and give a narcotic drug, to-wit: Opium Derivative, to RAY MENDOZA at the Central Hotel, Clifton, County of Greenlee, Arizona, between the hours of 9:00 and 10:00 A.M. on said date."

The defendant went to Clifton, Arizona, from California, in May 1969. His wife, two sons, and a daughter were then living in Greenlee County. Defendant and one of his sons, Ray Mendoza, made a trip to El Paso, Texas, allegedly to Juarez, Mexico, to celebrate the Cinco de Mayo. They returned to Clifton on May 6th. Ray Mendoza lived in an apartment—together with his wife and daughter—in the Central Hotel in Clifton. On the morning of the 8th of May, the defendant went to a drugstore and purchased a needle and an eyedropper, and thereafter went to the apartment of his son, Ray Mendoza. Ray testified that he had gone to bed about one o'clock the night before and that on the morning of the 8th he saw the needle and the eyedropper and the heroin on the sink, when he went to the kitchen, and that he gave himself an injection of heroin. After that he remembered nothing until he woke up in the hospital. Ray was a reluctant witness, and at first denied seeing the defendant that morning, but after the state was permitted to cross-examine him he admitted that he saw his father at the apartment on the morning of May 8th. He admitted that neither he nor his wife brought the heroin to the apartment. He further testified that they did not have any narcotics in their home.

Ray also testified that there was no one else at home during that morning besides him and his wife; that he gave himself an overdose of heroin. Vincente C. Mendoza, Jr., went to the apartment that morning, and found Ray unconscious on the floor. Vincente gave Ray mouth-to-mouth resuscitation, but was unable to revive him, so took him to the hospital. Vincente, Jr., testified that the defendant was there at the time he arrived—approximately 10:30 in the morning—that he saw the defendant when he arrived and tried to help. Ray— that he saw the defendant on the floor when he arrived. After he started to help Ray, the defendant assisted him.

■ The defendant contends the evidence was not sufficient to support the verdict of conviction. The question is whether the defendant's leaving the heroin on the sink was sufficient evidence to prove that defendant furnished, administered, and gave the narcotic drug to Ray Mendoza, as charged in the information. The only evidence that the defendant furnished, administered, or gave the narcotic to his son Ray was circumstantial evidence. In order to sustain a conviction based solely on circumstantial evidence, the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. State v. Hughes, 102 Ariz. 118, 426 P.2d 386; State v. Alkhowarizmi, 101 Ariz. 514, 421 P.2d 871; State v. Tigue, 95 Ariz. 45, 386 P.2d 402.

There is no *direct* evidence that defendant took the narcotics to Ray's apartment. The only evidence is the inference from the defendant's purchase of the needle and eyedropper and Ray's testimony that neither he nor his wife had any narcotics in their home. Ray admitted he had used narcotics. One could also infer that he would know how to get narcotics. Even if the defendant took the narcotics to the apartment it could have been for his own personal use. There is no evidence that defendant called Ray's attention to the narcotics on the sink, or that he had any conversation with him in regard to the same.

On the contrary, Ray's testimony was to the effect that he had no conversation with the defendant in regard to the narcotics— that he merely saw it there and used it.

■ We have held that the mere presence of a defendant at the scene of a crime is insufficient to establish guilt. Carroll v. State, 90 Ariz. 411, 368 P.2d 649. While the evidence was reasonably consistent with guilt, we are unable to hold that it was inconsistent with every reasonable hypothesis of innocence.

Judgment reversed.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and HAYS, JJ., concur.