515 P.2d 1171

**STATE of Arizona, Appellee,**

v.

**Alkcus JACOBS and William Elmer Lollis,
Appellants.**

**No. 2550.**

Supreme Court of Arizona,
In Banc.

Nov. 21, 1973.

Gary K. Nelson, Atty. Gen., Thomas A. Jacobs, Asst. Atty. Gen., Phoenix, for appellee.

Nelson & Moran by Thomas A. Moran, Yuma, for appellants.

LOCKWOOD, Justice:

Defendants, Alkcus Jacobs and William Lollis, were found guilty by a jury of manslaughter while armed with a deadly weapon. They were sentenced to a term of not less than seven nor more than ten years in the Arizona State Prison. Defendants appeal from their conviction and sentence. For the reasons advanced below, the judgment of the trial court is affirmed.

■ The facts are confused and contradictory. However, they must be taken in the light most favorable to sustaining the verdict. State v. Dutton, 106 Ariz. 463, 478 P.2d 87 (1970). The relevant facts are as follows:

Robert Waggoner, the victim, arrived at a labor camp at Horn, Arizona on the afternoon of December 5, 1971. He and most of the other residents of the camp got drunk during the afternoon and evening. At approximately 1 A.M on the 6th of December, an argument and fight ensued in the bunkhouse. Waggoner pulled a knife and stabbed William Mitchell who was staying in the same room. Mitchell called for help. One of the defendants, Lollis, left his own room in order to find out what happened. Waggoner left his room and proceeded out the front door of the bunkhouse.

Both Lollis and Jacobs got clubs and followed Waggoner. They overtook him and Lollis struck him over the head with the axe handle that he was carrying. After the victim fell to the ground they continued to strike him with their clubs. The owner of the camp, John L. Johnson, was notified that a fight was in progress and came out to see what was happening. He then saw Jacobs kicking the victim and Lollis leaving the area where the attack took place.

At the scene of the attack was found a wooden window shade roller which Jacobs had used as a club. It was broken into four pieces. By the body was the victim's pocket

knife with the smaller of the two blades open.

Medical testimony introduced during the trial established that the victim died of a blow to the head which crushed his skull. It was also established that the victim had multiple lacerations and abrasions on the face, arms, hands and knee.

At the trial the defendants admitted killing the victim but claimed that they acted in self-defense. They claimed that the victim was armed with a knife and that they were only defending themselves.

In his appeal counsel for the defendant makes five designations of error. Four of these are claims that the verdict is contrary to or not supported by the weight of the evidence. Since the defendants admitted that they killed the victim, there was no issue of fact except whether they killed him in self-defense. The jury found against them on this issue.

■■■ In considering whether a verdict is contrary to the weight of the evidence this court does not decide whether it would reach the same decision but whether there was competent evidence to support the conclusion of the jury. State v. Taylor, Ariz., 514 P.2d 439 (1973); State v. Ford, 108 Ariz. 404, 499 P.2d 699 (1972). We have reviewed the trial record and find that there was sufficient competent evidence to support the jury's conclusion regarding the issue of self-defense.

The remaining contention by the defendants' counsel is that the verdict was the result of bias, passion, and prejudice against the defendants on account of their race.

■ An examination of the record reveals only one instance where a statement with racial overtones was made. In his testimony Johnson said that he asked the defendants "If he (the victim) was a Negro, would you have done that?" Counsel's objection to the statement was made because of the rambling nature of the witness' testimony rather than for what was said. No motion for a mistrial was made and the trial judge ordered the question stricken from the record, and directed that the jury absolutely disregard any statements made by Johnson which had any racial overtones. Under these circumstances we do not believe that such statements would so inflame the jury or be so persuasive that a fair and impartial verdict would be impossible.

Affirmed.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.