589 P.2d 46

**The STATE of Arizona, Appellee,**

**v.**

**Woody Lee PARKER, Appellant.**

**No. 2 CA–CR 1473.**

Court of Appeals of Arizona, Division 2.

Dec. 5, 1978.

John A. LaSota, Jr., Atty. Gen. by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

James A. Quisenberry, Casa Grande, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was convicted of armed robbery of a UtoteM store in Casa Grande. We affirm.

Appellant and his co-defendant met and drove in appellant's car to a house near the store where the robbery occurred. Co-defendant left the car, walked to the store and robbed the clerk at gunpoint. Appellant testified that he left and returned about 15 minutes later to pick up the co-defendant. Shortly thereafter, police responding to the robbery stopped appellant's car about three-tenths of a mile from the store heading away from it. On the driver's side of the road near the car, the police found the gun used in the robbery. Shell casings found in the car had been fired from this gun which was owned by appellant.

The store clerk identified appellant's co-defendant as the robber, but testified that she had never seen appellant or his car. Appellant testified that he did not know that co-defendant took appellant's gun from the car or intended to rob the store; rather, appellant thought co-defendant knew someone living in the house near the store, and appellant left him at the house after agreeing to return for him. Co-defendant testified that he was too intoxicated to remember the details, but that appellant and he had discussed robbing the store prior to the robbery.

Co-defendant's testimony was inconsistent with prior statements exculpating appellant, which co-defendant allegedly made to a deputy sheriff and two county jail inmates. Defense counsel made an offer of proof regarding this newly discovered evidence. The trial judge admitted one inmate's testimony but excluded the other's as cumulative. The trial judge excluded the sheriff's testimony because it was cumulative in that co-defendant admitted making the statements to the sheriff to exculpate appellant.

The judge then allowed the prosecution to rebut the prior inconsistent statements with prior consistent statements. The rebuttal witness, co-defendant's girl friend, had been present in the courtroom during the trial. Although Rule 9.3(a), Rules of Criminal Procedure, 17 A.R.S., had been invoked, the prosecution did not have notice that appellant intended to introduce evidence of prior inconsistent statements. The prosecution therefore did not know that the girl friend would be a witness until appellant made an offer of proof.

Appellant raises three issues: (1) whether the evidence was insufficient to convict him; (2) whether exclusion of the testimony of one inmate and the sheriff violated appellant's constitutional or statutory right to produce witnesses in his behalf, and (3) whether the admission of the girl friend's testimony violated Rule 9.3(a), and denied appellant due process of law.

An appellate court must view the evidence and draw all reasonable inferences from it to sustain the conviction. *State v. Jacobs*, 110 Ariz. 151, 515 P.2d 1171 (1973). The evidence supports the inference that appellant was an accomplice of co-defendant in the armed robbery. A.R.S. Sec. 13–139 applies to one who aids and abets the commission of a crime. This requires both an act that aids and abets and an intent to aid and abet. *State v. Bearden*, 99 Ariz. 1, 405 P.2d 885 (1965); LaFave and Scott,

Criminal Law, Sec. 64 (1972). Intent may be inferred from circumstances such as the relationship between the parties and their conduct before and after the offense. *State v. Beard*, 107 Ariz. 388, 489 P.2d 25 (1971). The jury reasonably could have concluded that appellant acted as get-away driver with the intent to aid co-defendant in robbing the store. That it could have concluded otherwise, if it had believed the testimony of appellant and the inmate, did not undermine the sufficiency of the evidence. *State v. Scott*, 113 Ariz. 423, 555 P.2d 1117 (1976).

■ The trial judge has discretion to exclude cumulative testimony. Rule 403, Rules of Evidence, 17A A.R.S. (Supp.1977–78). The second inmate's testimony would have been the same as the first inmate's. Co-defendant testified as to what he told the sheriff so the jury knew what he had said. The sheriff's testimony would have differed from the inmate's because co-defendant told the sheriff a different story. But this difference undermines the credibility of the prior inconsistent statements rather than supports it. We find no abuse of discretion in excluding the testimony of either witness.

■ *Chambers v. Mississippi*, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973), held that exclusion as hearsay of reliable exculpatory evidence, coupled with limitations on cross-examination of a critical witness, violated due process because the accused was denied the right to present his defense. *Chambers* does not mean an accused is immune from state rules of evidence, 410 U.S. at 302, 93 S.Ct. 1038, rather, it means that application of state rules of evidence to an accused must not effectively preclude presentation of the accused's defense. *Maness v. Wainwright*, 512 F.2d 88 (5th Cir. 1975) (applying *Chambers* to voucher rule) ("In deciding this case on the basis of *Chambers*, we are presented with a question of degree: was . . . [defendant's] defense 'less persuasive' to such a degree that we must conclude that his right to a fair trial was violated?")

■ Excluding cumulative testimony did not preclude presentation of appellant's defense. The jury heard appellant's defense. Appellant testified; co-defendant testified and appellant cross-examined him; one inmate testified. The excluded witnesses would have repeated what the jury had already heard. It did not violate due process to preclude this repetitive testimony.

■ There was no violation of Rule 9.3(a), Rules of Criminal Procedure, 17 A.R.S. When invoked, the rule requires the judge to exclude *prospective* witnesses from the courtroom. Co-defendant's girl friend was not a prospective witness until the prosecution knew that appellant intended to present the newly discovered evidence of prior inconsistent statements. Upon receiving notice, the prosecution promptly informed the judge that the prosecution would call co-defendant's girl friend as a witness. She was then excluded from the courtroom.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.