703 P.2d 533

**STATE of Arizona, Appellee,**

v.

**David Alfred WARGO, Appellant.**

**No. 2 CA–CR 3691–3.**

Court of Appeals of Arizona,
Division 2, Department B.

April 4, 1985.

Review Denied June 12, 1985.

See also, Ariz.App., 680 P.2d 206.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Barbara A. Jarrett, Phoenix, for appellee.

Leonard N. Sowers, Kearny and E. Coleman Gorman, Apache Junction, for appellant.

OPINION

LIVERMORE, Judge.

Defendant stands convicted of aggravated assault on evidence showing that he shot the victim. His defense was self-defense. His appeal raises a single question, whether the trial court constitutionally erred in precluding, as a sanction for violation of discovery rules, the presentation of two defense witnesses. We have jurisdiction under A.R.S. § 13–4033 and affirm.

The day before trial, defense counsel notified the prosecutor that he had discovered two new witnesses who would testify to what he termed "collateral impeachment," that the wife of the victim was intoxicated sometime after the episode in question. The prosecutor moved to preclude the witnesses because they had been disclosed so late and because their testimony would be irrelevant. The trial judge precluded them as a discovery sanction.

We believe preclusion is rarely, if ever, an appropriate sanction for a discovery violation. *State v. Smith,* 140 Ariz. 355, 681 P.2d 1374 (1984). It was not in this case. There is no suggestion of bad faith on the part of the defense counsel. The proposed witnesses were available to be interviewed by the prosecutor. No considerations of surprise or delay appear to justify the order. Prosecutorial hurt feelings are simply not an appropriate basis on which to foreclose evidence.

While we believe that the witnesses should not have been precluded as a discovery sanction, the trial judge nonetheless could have precluded them on the ground that their testimony was so marginally relevant and cumulative of stronger testimony that its probative value was substantially outweighed by considerations of delay and confusion under Rule 403, Rules of

Evidence, 17A A.R.S. That the victim's wife was so drunk at the time of the observations to which she testified as to cast doubt on her ability to perceive and remember is admissible to impeach. Defense counsel asked or could have asked everyone at the scene, all of whom testified, those questions. He did so with very little success. On moving away in time from the events in question, the intoxication of a witness becomes increasingly less probative of capacity to perceive and remember. At the same time, collateral issues are raised. If the proposed witnesses were allowed to testify to the wife's intoxication later that evening, rebuttal witnesses would undoubtedly be called. The issue of her later intoxication would become a sub-issue to the issue of her earlier intoxication which was a sub-issue to whether she could perceive or remember what she claimed to perceive or remember. The trial judge could well have exercised his discretion to exclude this evidence because of its marginal probative value especially given all the evidence available on this issue from witnesses present at the scene of the shooting. Exclusion on that ground would have violated no constitutional right of the defendant. *State v. Parker*, 121 Ariz. 172, 589 P.2d 46 (App.1978). That another ground was advanced does not change the constitutional calculus. The error, if any, in precluding these witnesses was harmless.

The judgment and sentence are affirmed.

HATHAWAY, P.J., and LACAGNINA, J., concur.