745 P.2d 991

**STATE of Arizona, Appellee,**

v.

**Luis VILLALOBOS
ALVAREZ, Appellant.**

**No. 1 CA–CR 10390.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 22, 1987.

Reconsideration Denied Nov. 3, 1987.

Review Denied Dec. 15, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Criminal Div., and Gerald R. Grant, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Carol A. Carrigan, Deputy Public Defender, Phoenix, for appellant.

OPINION

GRANT, Judge.

Defendant was convicted of possession of a narcotic drug (cocaine) with a prior conviction. He was sentenced to the presumptive term of six years' imprisonment.

The charge against defendant resulted from the discovery of cocaine during the execution of a search warrant in Phoenix. The site of the search was an apartment occupied by defendant's sister and her boyfriend. The cocaine was found in a basket which the boyfriend grabbed as the police broke through the front door. Although defendant was not present, evidence at trial showed he had stayed at the apartment occasionally, and kept clothes and other property there. In addition, a small piece of cardboard with his nickname written on it was later found inside the basket.

Some months after the initial search, defendant was arrested in connection with the cocaine. During an interview with police, defendant maintained the cocaine was not his. If that were true, the police then told him, his sister would probably be charged with its possession, since it was discovered in her apartment. At this point defendant admitted that the cocaine was his, but said he did not intend to sell it.

The cardboard was admitted at trial over defense objection. The jury found defendant guilty of possession of a narcotic drug, and from that conviction defendant now appeals. He argues the following:

1. The evidence was insufficient to be sent to a jury;
2. Admission of Exhibit 13 (the cardboard) was prejudicial, reversible error;
3. The testimony of a handwriting expert was irrelevant and inadmissible;
4. References to an "agreement" should have been stricken.

We find the evidence was insufficient to warrant submission to a jury, and reverse on that ground. Accordingly, we do not reach other issues. On appeal, we have examined the record in the light most favorable to sustaining the verdict. *State v. Jacobs*, 110 Ariz. 151, 515 P.2d 1171 (1973).

Defendant was charged with possession of a narcotic drug in violation of A.R.S. § 13–3406(A)(1). Therefore, the state had to prove that he "knowingly possessed" a narcotic drug, showing that he was aware or believed that he either physically possessed or otherwise exercised dominion or control over the cocaine. A.R.S. § 13–105(6)(b), (27) and *State v. Hunt*, 91 Ariz. 149, 152, 370 P.2d 642, 645 (1962). To convict a defendant for the

> offense of possession of a narcotic drug requires a physical or constructive possession with actual knowledge of its presence.... It is not necessary the drug be found on the person of the accused but the circumstances must show he had dominion and control over it.

*Hunt* at 153, 370 P.2d at 645.

There was no evidence that defendant was in actual physical possession when the cocaine was found. The apartment was not his, nor was he present at the search. The only thing to associate him with the cocaine was the cardboard with his nickname on it. The piece of cardboard with the name "Louie Loco" written on it was not found by police officers until defendant's third trial. It was the only additional piece of evidence offered against the defendant in that third trial. The first two trials had resulted in mistrials—one due to a hung jury.

To prove constructive possession, the state must show by specific facts or circumstances that the defendant exercised dominion or control over the drugs, although the drugs were not found in his presence. *State v. Villavicencio*, 108 Ariz. 518, 520, 502 P.2d 1337, 1339 (1972).

Circumstantial evidence is acceptable in proving constructive possession, *State v. Donovan*, 116 Ariz. 209, 568 P.2d 1107 (App.1977); *State v. Ballinger*, 19 Ariz.App. 32, 504 P.2d 955 (1973). There is some circumstantial evidence here to show that defendant may have been an occasional guest at the apartment. However this does not prove his dominion or control over the drugs in question.

The small piece of cardboard with defendant's nickname written on it, found with the basket of drugs, but not until the third trial in this matter, was the only scrap of evidence linking defendant with the drugs. This evidence was insufficient to establish defendant's possession, constructive or otherwise, of the drugs. There was no evidence indicating its origin or purpose or whether it was in the basket at the time of the search. Expert testimony as to who wrote the name on the cardboard was not conclusive. Nothing about this cardboard indicated any dominion or control over the cocaine by defendant. As defense counsel points out, turning dominion or control on the presence of a name on a scrap of paper would put at risk every person who distributes business cards. We simply cannot stretch possession that far. The connection between control over the drugs and the defendant was too tenuous to be submitted to the jury.

The sufficiency of evidence necessary to obtain a conviction for possession of a narcotic drug based on constructive possession is not a novel question in Arizona. *See, e.g., State v. Jenson*, 114 Ariz. 492, 562 P.2d 372 (1977) (defendant kept a chest of drawers for his belongings at his mother's apartment, where he lived periodically. Marijuana was found in the drawers, and

defendant's conviction for possession was affirmed); *State v. Mendoza,* 106 Ariz. 180, 472 P.2d 49 (1970) (defendant bought needle and eyedropper and went to son's house; son later found needle, eyedropper and heroin on sink and injected himself; father improperly charged with furnishing drugs, since there was no direct evidence that he had taken drugs to son's apartment, or that he had called son's attention to the drugs); *State v. Parra,* 104 Ariz. 524, 456 P.2d 382 (1969) (defendant rented apartment and moved in his personal belongings; marijuana subsequently found in apartment held constructively possessed by defendant); *State v. Floyd,* 120 Ariz. 358, 586 P.2d 203 (App.1978) (defendant crashed his motorcycle; constructive possession found where package of hashish had been strapped to the seat in plain sight); *State v. Donovan,* 116 Ariz. 209, 568 P.2d 1107 (App.1977) (house was leased in defendant's name, he paid part of the rent, he was living there and present at a search by police, which search turned up marijuana).

The circumstances here are analogous to *Carroll v. State,* 90 Ariz. 411, 368 P.2d 649 (1962). In *Carroll,* two officers acting on a tip arrested the defendant. When the officers approached defendant, they saw him "make a backward motion with his hand" and jump from a bench where he was sitting. A later search of the area revealed a small package of a brownish powder, which turned out to be heroin. Defendant was arrested, and his arms showed marks of heroin injections. On review, the Arizona Supreme Court found a constructive possession theory inapplicable since defendant was not present when the heroin was discovered, and it was not in a place "under his immediate and exclusive control." *Id.* at 413, 368 P.2d at 650. The court found that the defendant's "only connection with the narcotic must have been that it was in his actual possession at or immediately before his apprehension by the officers." *Id.* Though possession may be shown by either direct or circumstantial evidence, "the evidentiary chain must so link defendant to the narcotic that the inference he knew of its existence and its presence where found may be fairly drawn." *Id.* In *Carroll* there was no evidence to show that the defendant had knowledge of the presence of the narcotic given where it was found. *Id.* Thus the state failed to carry its evidentiary burden, and a motion for directed verdict of acquittal should have been granted.

Like *Carroll,* defendant in this case was not present when the narcotics were found. There was no evidence that he had "immediate and exclusive control" over the premises, or that he had ever actually possessed the narcotics. An inference cannot be drawn from a scrap of cardboard that the defendant knew of the existence of cocaine and its presence in the basket. The cardboard cannot reasonably support an inference that defendant had placed the cocaine in the basket or that he possessed it. The only thing that properly linked defendant with the cocaine in a credible evidentiary chain was his own confession.

■ A defendant may not be convicted solely on his own, uncorroborated confession. *State v. Thompson,* 146 Ariz. 552, 557, 707 P.2d 956, 961 (App.1985). There was no independent evidence sufficient to corroborate that confession. A reasonable inference of the corpus delicti is required before a confession may be considered, *id.,* but as outlined above, we find no such reasonable inference with respect to possession by the defendant. Thus, the defendant's confession remains uncorroborated. The state did not sustain its evidentiary burden. We note that the defendant's confession came only after coercive statements by police. The defendant was told that his sister would probably be charged with cocaine possession if he did not confess the drugs were his. Thus the confession itself was tainted; but we need not treat this issue further, since the evidentiary question is sufficient for our ruling.

Reversed and remanded with directions to enter a judgment of acquittal.

GREER, P.J., and FROEB, J., concur.