IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

|                          |   |                      |
|--------------------------|---|----------------------|
| THE STATE OF ARIZONA,    | ) |                      |
|                          | ) |                      |
| Appellee,                | ) | 2 CA-CR 2012-0411    |
|                          | ) | DEPARTMENT B         |
| v.                       | ) |                      |
|                          | ) | O P I N I O N        |
| ARVIN WHIT WILLIAMS,     | ) |                      |
|                          | ) |                      |
| Appellant.               | ) |                      |
|                          | ) |                      |

APPEAL FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR20112894001

Honorable Jose H. Robles, Judge Pro Tempore

AFFIRMED

Thomas C. Horne, Arizona Attorney General
  By Joseph T. Maziarz and Diane Leigh Hunt                          Tucson
                                                         Attorneys for Appellee

Law Offices of Cornelia Wallis Honchar, P.C.
  By Cornelia Wallis Honchar                                         Tucson
                                                         Attorney for Appellant

E C K E R S T R O M, Judge.

¶1 Following a jury trial, appellant Arvin Williams was convicted of attempted robbery and placed on a three-year term of probation. Emphasizing his acquittals on related charges, he maintains on appeal that the state presented insufficient evidence to convict him of this offense, and he argues the trial court consequently erred in denying his motion for judgment of acquittal made pursuant to Rule 20, Ariz. R. Crim. P. We affirm for the reasons that follow, and we publish this opinion to remind defendants and their counsel that an acquittal on one charge does not affect a court's analysis of the sufficiency of evidence supporting another charge. *See* Ariz. R. Sup. Ct. 111(b)(2) (authorizing publication to "[c]all[] attention to a rule of law which appears to have been generally overlooked").

**Factual and Procedural Background**

¶2 We view the evidence in the light most favorable to upholding a jury's verdict of guilt, resolving all reasonable inferences against the defendant. *See State v. Leyvas*, 221 Ariz. 181, ¶ 2, 211 P.3d 1165, 1167 (App. 2009). Williams and his codefendant, Mario Hawkins, were charged with four offenses based on their alleged involvement in a robbery scheme that lured potential victims using phony advertisements posted on the internet. The charges stemmed from two separate incidents involving one victim.

¶3 On August 2, 2011, the victim responded to an advertisement offering to sell an "iPhone" for $400. He called Hawkins's telephone number and arranged to meet him at a community college campus to purchase the cell phone. There, a man drove up in a red four-door Dodge sedan with the numbers "252" on the license plate, and he handed

2

the victim an empty iPhone box. Another man then approached on foot, displayed a handgun, and demanded that the victim surrender his money. After taking the victim's cash, the two robbers left together in the red car. The victim later identified Williams and Hawkins as the two men who had robbed him.

¶4 That same month, the victim saw a similar online advertisement offering to sell an iPhone for $350. When he contacted the seller, he again was provided with Hawkins's telephone number. After the victim contacted police officers, he arranged to meet with the seller on August 17 at the same community college campus. At the designated meeting spot, police officers found Hawkins carrying an empty white box for a cell phone. He was not carrying any weapons. In a parking lot on the same side of the campus, officers found Williams sitting in a red four-door Dodge with the numbers "252" on the license plate. He had been reclining in the driver's seat below the level of the windows, making the vehicle appear unoccupied, and he showed himself to the officers only when they began to approach the vehicle on foot with their weapons drawn. Law enforcement later learned that the vehicle belonged to a friend of Williams who lived in a different city. She testified she had visited him that day in Tucson as well as on August 2. She also testified she had let Williams, but not Hawkins, drive her car.

¶5 The trial court granted Williams's Rule 20 motion in part and entered a judgment of acquittal as to the attempted aggravated robbery charge from August 17 (count four).[1] The court did not make any express determinations or explain the basis for

---

[1]Aggravated robbery occurs if a person commits robbery while "aided by one or more accomplices actually present." A.R.S. § 13-1903(A).

its ruling. The court denied the motion as to the remaining three counts, which it submitted to the jury. Williams was acquitted of the two charges from the August 2 incident, specifically armed robbery (count one) and aggravated robbery (count two). The jury found him guilty of attempted robbery committed on August 17 (count three). This timely appeal followed the imposition of probation.

## Discussion

¶6 A motion for a judgment of acquittal under Rule 20 is designed to test the sufficiency of the evidence, *State v. Neal*, 143 Ariz. 93, 98, 692 P.2d 272, 277 (1984), and the same legal standard applies to pre- and post-verdict motions. *State v. West*, 226 Ariz. 559, ¶ 14, 250 P.3d 1188, 1191 (2011). "[T]he controlling question is solely whether the record contains 'substantial evidence to warrant a conviction.'" *Id.*, *quoting* Ariz. R. Crim. P. 20(a). Substantial evidence exists if, "'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* ¶ 16, *quoting State v. Mathers*, 165 Ariz. 64, 66, 796 P.2d 866, 868 (1990). The substantial evidence necessary to sustain a conviction may be circumstantial or direct. *Id.* If "'reasonable minds may differ on inferences drawn from the facts,'" the evidence is substantial and the conviction must be upheld. *Id.* ¶ 18, *quoting State v. Lee*, 189 Ariz. 590, 603, 944 P.2d 1204, 1217 (1997). On appeal, a reviewing court must determine de novo whether sufficient evidence supports every element of the offense. *Id.* ¶¶ 15-16.

¶7        "'The essential elements of an attempted robbery are (1) intent to commit robbery and (2) an overt act towards that commission.'" *Leyvas*, 221 Ariz. 181, ¶ 34, 211 P.3d at 1175, *quoting State v. Clark*, 143 Ariz. 332, 334, 693 P.2d 987, 989 (App. 1984).

> A person commits robbery if in the course of taking any property of another from his person or immediate presence and against his will, such person threatens or uses force against any person with intent either to coerce surrender of property or to prevent resistance to such person taking or retaining property.

A.R.S. § 13-1902(A).  Attempt is established when a person takes "any step in a course of conduct planned to culminate in commission of an offense." A.R.S. § 13-1001(A)(2). A person is liable as an accomplice if he has "the intent to promote or facilitate the commission of an offense" and either "[a]ids . . . another person in planning or committing an offense" or "[p]rovides means or opportunity to another person to commit the offense." A.R.S. § 13-301(2), (3); *see* A.R.S. § 13-303(A)(3).

¶8        Here, the jury reasonably could have inferred that Williams intended to help Hawkins forcibly take money from the victim on August 17, specifically by providing a means of transportation.  Given the victim's identification of Williams and Hawkins as the perpetrators of a similar robbery on August 2; Williams's proximity to the planned meeting spot on August 17; his access to and use of the vehicle that had been used in the earlier robbery; and his apparent attempt to hide from law enforcement officers when his vehicle was discovered, the jury had an adequate evidentiary basis to find the state had proved all the elements of attempted robbery.  As Williams points out, the record also would have allowed the jury to draw inferences consistent with his

5

innocence. But because the evidence was fairly debatable, it was sufficient to support the conviction. *See State v. Davolt*, 207 Ariz. 191, ¶ 87, 84 P.3d 456, 477 (2004). We do not reweigh the evidence on appeal. *See Lee*, 189 Ariz. at 603, 944 P.2d at 1217.

**¶9** Williams maintains that in light of certain conflicting evidence and his acquittals of the August 2 offenses, nothing but coincidence and speculation connected him to the August 17 offense. But this argument incorrectly assumes that the acquittals somehow affect the inferences drawn from the evidence or our legal determination of its sufficiency.

**¶10** "Sufficiency-of-the[-]evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt." *United States v. Powell*, 469 U.S. 57, 67 (1984). Such review "should be independent of the jury's determination that evidence on another count was insufficient" and "should not be confused with the problems caused by inconsistent verdicts." *Id.* We disregard an acquittal in this manner because we recognize that, "in the privacy of the jury room," either "leniency or compromise" may lead jurors to acquit a defendant whom they believe to be guilty. *State v. Zakhar*, 105 Ariz. 31, 32-33, 459 P.2d 83, 84-85 (1969). We therefore do not presume "some error . . . worked against [a defendant]," *Powell*, 469 U.S. at 66, and we make no assumptions as to what "the jury 'really meant'" by its acquittal when determining the sufficiency of evidence supporting another charge. *Id.* at 68. Accordingly, Williams's acquittals are irrelevant to determining the sufficiency of the evidence supporting his conviction for attempted robbery on August 17.

6

¶11 Williams further argues that he could only be convicted of attempted theft, not attempted robbery, because "there was no evidence of force or attempted force." But jurors may use their common sense and personal experience when deciding a case. *See State v. Aguilar*, 169 Ariz. 180, 182, 818 P.2d 165, 167 (App. 1991). Thus, the jury reasonably could conclude that the putative cell phone sale on August 17 was a weaponless variation of the same robbery scheme from earlier that month. We agree with the state that it was, at minimum, a debatable question whether Hawkins intended to rob the victim or somehow "'peaceably' take and retain [the victim's] money against his will." *See Davolt*, 207 Ariz. 191, ¶ 87, 84 P.3d at 477.

¶12 Contrary to Williams's additional claim, it is an inconsequential fact that Hawkins met police officers at the agreed upon location rather than the intended victim. An attempt occurs when a person takes "any step" toward the commission of a crime "under the circumstances as such person believes them to be." § 13-1001(A)(2). Attempting to meet with the intended victim at the designated location was an act sufficient for attempted robbery. The officers did not need to wait for or elicit an actual threat of violence.

## Disposition

¶13 For the foregoing reasons, the conviction and probationary term are affirmed.

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Judge

7

CONCURRING:

/s/ *Virginia C. Kelly*

VIRGINIA C. KELLY, Presiding Judge


/s/ *Philip G. Espinosa*

PHILIP G. ESPINOSA, Judge