NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

PATRICK B YAZZIE, *Appellant*.

No. 1 CA-CR 16-0178
FILED 3-16-2017

---

Appeal from the Superior Court in Maricopa County
No. CR2015-124544-001 DT
The Honorable Jacki Ireland, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Office of the Attorney General, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Lawrence Blieden
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E**, Judge:

**¶1**　　　　This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following Patrick Yazzie's conviction for possession of dangerous drugs, a Class 4 felony. Yazzie's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *State v. Clark*, 196 Ariz. 530 (App. 1999). Yazzie was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Counsel now asks this Court to search the record for fundamental error. After reviewing the entire record, we affirm Yazzie's conviction and sentence.

### FACTS AND PROCEDURAL HISTORY[1]

**¶2**　　　　Unrelated to Yazzie's arrest, officers surveilled a motel room where Yazzie worked. Officers noticed Yazzie, stopped him, and asked for his identification. After producing identification, officers asked Yazzie whether he had anything illegal in his possession. Yazzie produced a methamphetamine pipe from his pocket, and shortly thereafter, a small plastic bag of methamphetamine from his other pocket.

**¶3**　　　　A jury convicted Yazzie of possession of dangerous drugs, but found him not guilty of possession of drug paraphernalia. Based on two prior felonies, the superior court sentenced Yazzie to a slightly-aggravated four-year prison sentence, with 42 days of presentence incarceration credit.

**¶4**　　　　Yazzie timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the Arizona Constitution, and Arizona Revised

---

[1]　　　We view the facts in the light most favorable to upholding the jury's verdict and resolve all inferences against Yazzie. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

Statutes ("A.R.S.") sections 12-120.21(A)(1) (2017), 13-4031 (2017) and 13-4033(A)(1) (2017).[2]

## DISCUSSION

**¶5**     The record reflects no fundamental error in pretrial proceedings. Yazzie rejected the State's plea offer after a *Donald* advisement, and his case proceeded to trial. *State v. Donald*, 198 Ariz. 406 (App. 2000). The superior court held appropriate pretrial hearings, including a hearing on Yazzie's prior felony convictions and how they were to be referred to at trial pursuant to Rule 609 of the Arizona Rules of Evidence.

**¶6**     The record also reflects Yazzie received a fair trial. He was represented by counsel at all stages of the proceedings against him and was present at all critical stages, except when he failed to appear for the first half of *voir dire*. Although Yazzie was not present during this time, he was still represented by counsel and the State proceeded *in absentia*. *See Court v. Rose*, 231 Ariz. 500, 504, ¶ 9 (2013). Yazzie admitted to his prior felony convictions during trial. Ariz. R. Crim. P. 17.6. The superior court did not conduct a voluntariness hearing; however, voluntariness of Yazzie's statements to police were not raised by counsel nor did the evidence at trial suggest Yazzie's statements were involuntary. *State v. Fassler*, 103 Ariz. 511, 513 (1968).

**¶7**     The State presented direct and circumstantial evidence sufficient for a reasonable jury to convict Yazzie. Although the jury acquitted Yazzie for possession of drug paraphernalia, and convicted him of possession of a dangerous drug, there is no fundamental error. We do not reweigh the evidence. *State v. Guerra*, 161 Ariz. 289, 293 (1989). Based on the elements of the offenses, the jury could reasonably convict Yazzie of one of the charged offenses and not the other. *See State v. Zakhar*, 105 Ariz. 31, 32-33 (1969); *State v. Williams*, 233 Ariz. 271, 274, ¶ 10 (App. 2013); *State v. Barr*, 183 Ariz. 434, 439 (App. 1995).

**¶8**     The jury was properly comprised of eight members with two alternates. The superior court properly instructed the jury on the elements of the charges. The key instructions concerning burden of proof, presumption of innocence, reasonable doubt, and the necessity of a unanimous verdict were also properly administered. The jury returned a

---

[2]     Absent material revisions after the date of an alleged offense, we cite a statute's current version.

unanimous verdict. The superior court received a presentence report, and properly sentenced Yazzie based on his two prior felony convictions, while taking into account mitigating factors.

## CONCLUSION

**¶9** We reviewed the entire record for reversible error and find none; therefore, we affirm the conviction and resulting sentence.

**¶10** After the filing of this decision, defense counsel's obligation pertaining to Yazzie's representation in this appeal will end. Defense counsel need do no more than inform Yazzie of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). On the Court's own motion, Yazzie has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration. Further, Yazzie has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4