NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JESUS RIOS FRANKO, *Appellant*.

No. 1 CA-CR 19-0445
FILED 10-15-2020

Appeal from the Superior Court in Maricopa County
No. CR 2018-137105-001
The Honorable Annielaurie Van Wie, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos D. Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1            Jesus Rios Franko appeals his conviction and sentence for possession or use of dangerous drugs.  He argues the superior court erred in denying his motion for judgment of acquittal.  Because substantial evidence supports the conviction, we affirm.

## BACKGROUND

¶2            Police officers arrested Franko for an unrelated incident and searched him, checking his pants pockets, pant legs, waistline, and other areas where a weapon or object may have been concealed.  The officer conducting the search explained he did not check the inside of Franko's socks or remove his shoes because he did not see anything "sticking out from the socks," and a "more detailed search" would be conducted later at a holding facility.  No contraband was found and, after handcuffing Franko with his hands behind his back, the officers placed him in the backseat of Officer Kultala's patrol car, a sport utility vehicle.

¶3            Kultala drove Franko to a detention facility and turned him over to the detention staff.  When Kultala returned to his patrol car, he inspected the back cage of the car and found a small plastic bag on the floor containing a "white powdery crystal substance" he believed was methamphetamine ("meth").  He also noticed the "same substance had been scratched" into the "small pores" of the floor.  A short time later, another officer assisted Kultala in collecting the evidence.  Both officers used their body cameras to record what they found, which included meth crystals and a small partially chewed lollipop stick that was referred to at trial as a "popsicle stick."  The video footage, which was admitted by stipulation at trial, confirms that it was in fact a lollipop stick.

¶4            Franko was subsequently charged with possession or use of dangerous drugs and possession of drug paraphernalia.  At trial, the parties stipulated that the substance found in the patrol car was meth, a dangerous drug.  *See* A.R.S. § 13-3401(6)(c)(xxxviii).  The jury found him guilty of the

dangerous drug charge, but not guilty of possessing paraphernalia, and the superior court sentenced him to ten years' imprisonment. This timely appeal followed.

## DISCUSSION

**¶5**       We review de novo the denial of a motion made under Arizona Rule of Criminal Procedure ("Rule") 20. *State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011). "[T]he court must enter a judgment of acquittal . . . if there is no substantial evidence to support a conviction." Rule 20(a)(1). Viewing the evidence in the light most favorable to the State, substantial evidence means "such proof that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *West*, 226 Ariz. at 562, ¶ 16 (quotations omitted). "Both direct and circumstantial evidence should be considered in determining whether substantial evidence supports a conviction." *Id*. When the evidence allows reasonable minds to differ as to the inferences drawn from the facts, the trial judge has no discretion to enter a judgment of acquittal. *Id*. at 563, ¶ 18.

**¶6**       To convict Franko of possession or use of dangerous drugs, the State had to prove beyond a reasonable doubt that he knowingly possessed meth. *See* A.R.S. § 13-3407(A)(1), -3401(6)(c)(xxxviii). Franko argues the State failed to provide sufficient evidence to establish the elements of *possession* and *knowledge* and thus the superior court erred in denying his Rule 20 motion.

**¶7**       The law defines "possess" as physically possessing or otherwise exercising dominion or control over, as relevant here, a drug. A.R.S. § 13-105(34). To prove constructive possession, the State needed to establish, by specific facts or circumstances, that Franko exercised dominion or control over the meth, even though it was not found in his presence. *See State v. Villalobos Alvarez*, 155 Ariz. 244, 245 (App. 1987). Constructive possession may be proven with circumstantial evidence. *State v. Donovan*, 116 Ariz. 209, 213 (App. 1977). Thus, the question here is whether substantial evidence shows Franko constructively possessed the meth found on the floor of the patrol car.

**¶8**       Kultala testified that at the start of his shift, before the arrest, he inspected the back cage of the patrol car. Kultala explained that the purpose of the inspection, normally done at the beginning of each shift, is to look "for any sort of contraband or anything else that shouldn't be back there." Kultala found orange traffic cones in the back cage and moved them

to the rear of the car but did not notice any "crystalline substance" or any "baggies" on the floor. He also testified no one else was transported in the backseat of the car between the initial inspection and Franko's arrest, and he did not see the meth on the floor of the backseat until after he transported Franko to the detention center. This circumstantial evidence was sufficient to permit the jury to reasonably conclude Franko possessed the meth when he was placed into the patrol car. *See Carroll v. State*, 90 Ariz. 411, 414 (1962) (explaining that "the circumstances must be such that they are at least consistent with a reasonable inference that defendant knew of the existence of the narcotic which was found, before he may be found guilty of 'possession'"); *see also State v. Harvill*, 106 Ariz. 386, 391 (1970) (direct and circumstantial evidence have intrinsically similar probative value).

¶9 Franko contends Kultala must not have done a thorough search of the car before he left the station because he missed the lollipop stick. The jury heard that evidence but its verdict shows it was not persuaded by Franko's argument that if Kultala overlooked the lollipop stick when he inspected the car at the start of his shift, he also might have overlooked the meth on the floor of the car. Jurors were informed that during their deliberations they could review the body camera footage of the officers collecting the evidence from the patrol car, including meth crystals that were on the backseat floor, and the lollipop stick, located on the floor near the rear passenger side door. Evaluating the significance of that evidence was within the province of the jury. *See State v. Clifton*, 134 Ariz. 345, 348 (App. 1982) (In deciding whether substantial evidence exists to warrant a conviction, we "giv[e] full credence to the right of the jury to determine credibility, weigh the evidence, and draw justifiable inference[s] therefrom.").

¶10 A person's "mere presence" near an unlawful item is insufficient to establish that the person knowingly exercised dominion or control over that item. *See State v. Curtis*, 114 Ariz. 527, 528, 530 (App. 1977). In this case, however, the State presented evidence of more than mere proximity to support the jury's implicit finding that Franko constructively possessed the meth. Although the officers did not see Franko with the meth, its location on the floor where Franko was seated, the lack of other potential possessors, and the lack of any contraband when the car was inspected cumulatively provided substantial circumstantial evidence that Franko possessed the meth. *Cf. Carroll*, 90 Ariz. at 412–14 (finding evidence insufficient where drugs were found near a bench outside of an airport, in a place clearly accessible to the public); *State v. Miramon*, 27 Ariz. App. 451, 452–53 (1976) (finding evidence insufficient where drugs were found under the passenger seat of a vehicle with multiple occupants).

¶11        Franko also argues the evidence was insufficient to prove he knew about the meth.   "'Knowingly' means, with respect to . . . a circumstance described by a statute defining an offense, that a person is aware or believes that . . . the circumstance exists."   A.R.S. § 13-105(10)(b). Like possession, knowledge can be proven by circumstantial evidence. *See State v. Henry*, 205 Ariz. 229, 232, ¶ 11 (App. 2003) ("[A] trial court must submit a case to the jury if reasonable minds can differ on the inferences to be drawn from the evidence," which may be either direct or circumstantial.).   When the evidentiary chain links a defendant to an illicit drug, the trier of fact may fairly draw an inference he knew of its existence and presence. *See Carroll*, 90 Ariz. at 413.   "[T]he circumstances must be such that they are at least consistent with a reasonable inference that defendant knew of the existence of the narcotic, which was found, before he may be found guilty of 'possession.'" *See id.*  Given the officers' testimony, location of the meth, and the video evidence, the circumstances here provide a reasonable inference that Franko was aware of the meth that must have been in his possession when he entered the patrol car.   The State therefore presented substantial evidence from which a jury could find Franko *knowingly* possessed meth.

¶12        Finally, Franko argues that because the jury acquitted him on the charge of possession of drug paraphernalia for the small plastic bag found in the patrol car, the evidence was insufficient to support a conviction for possession of the meth.   It is well established, however, that an appellate court's review of the sufficiency of the evidence "'should be independent of the jury's determination that evidence on another count was insufficient' and 'should not be confused with the problems caused by inconsistent verdicts.'" *State v. Williams*, 233 Ariz. 271, 274, ¶ 10 (App. 2013) (citation omitted).   The reason is "we recognize that, 'in the privacy of the jury room,' either 'leniency or compromise' may lead jurors to acquit a defendant whom they believe to be guilty." *Id.*  Accordingly, Franko's acquittal on the paraphernalia charge is irrelevant to determining the sufficiency of the evidence supporting his drug possession conviction.

**CONCLUSION**

¶13 We affirm Franko's conviction and sentence.



AMY M. WOOD • Clerk of the Court
FILED: AA